**THIS ORDER IS SIGNED AND ENTERED.**

Dated: August 31, 2009

_____
Hon. Robert D. Martin
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In Re:

GREDE FOUNDRIES, INC.,    Case No. 09-14337

Debtor    Chapter 11

Hon. Robert D. Martin

ORDER AUTHORIZING THE DEBTOR TO DESIGNATE ESSENTIAL VENDORS
AND PROVIDE FINANCIAL SUPPORT TO DESIGNATED VENDORS

This matter having come before the Court on the Motion of the Debtor Grede Foundries, Inc. for a Request for an Order Authorizing the Debtor to Designate Essential Vendors and Provide Financial Support to Designated Vendors (the "Motion Authorizing Vendor Support"), filed by the above-captioned debtor (the "Debtor"); the Court having reviewed the Motion and no objections having been filed, and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. §

157(b); (iv) notice of the Motion was sufficient under the circumstances; and (v) there is good cause to waive the ten-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable.

**IT IS HEREBY ORDERED THAT:**

1. The Motion Authorizing Vendor Support is GRANTED.

2. The Debtor is authorized but not directed to designate certain vendors as "Distressed Vendors" and provide financial assistance to such Distressed Vendors by payment of some or all (in the Debtor's discretion) of the Debtor's prepetition accounts receivable to the Distressed Vendors if the Debtor determines that the following criteria are met:

> (i) a vendor is determined by the Debtor and a customer of the Debtor to be essential to the Debtor and the customer, which determination will include a conclusion that failure of the vendor to supply goods or services will cause an assembly line of the customer to be idled; and

> (ii) based on financial information provided by such vendor to the customer and the Debtor, the vendor is reasonably expected:

>> (a) to be financially unable to continue to produce products or provide services for the Debtor and the customer due to the presence of the following circumstances (or the substantial equivalent thereof):

>>> (i) its prepetition accounts receivable from the Debtor are so substantial that unless those accounts are paid the vendor will be in an overadvance position or otherwise in default with its own lender; and

>>> (ii) the uncollectibility of the vendor's prepetition accounts receivable from the Debtor would put the vendor in the position of sustaining a loss from operations for its most recent last twelve months' period; and

>> (b) to remain financially viable and able to continue to produce products or provide services for the Debtor and the customer if financial assistance from the Debtor is provided; and

2

WHD/6641322.2

    (iii) based on written representations by a senior officer of the vendor, the vendor's owner(s) and/or investors have no source of funds to infuse into the vendor to cover the loss of the prepetition receivables from the Debtor; and

    (iv) based upon written representations of the primary lender to the vendor, the lender will accelerate the vendor's obligations to the lender without the Debtor's financial accommodation, but if financial accommodation is made by the Debtor, the lender will continue to finance the vendor without interruption; and

    (v) DDJ Capital Management, LLC and General Electric Business Finance Inc., as agents of the Debtor's secured lenders, have approved the amount for the financial accommodation to the vendor which, in any event, shall not exceed the amount of the prepetition trade payables owed to the vendor by the Debtor; and

    (vi) the vendor waives any prepetition claim it may have against the Debtor; and

    (vii) the vendor provides post petition credit terms to the Debtor equal to or better than provided prepetition.

4. Debtor shall consult with the Official Committee of Unsecured Creditors (the "Committee") prior to designating any vendor as a "Distressed Vendor," and if the Debtor and the Committee do not agree that such vendor should be designated as a "Distressed Vendor" the Committee shall have the opportunity to object to such designation.

5. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

6. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the ten-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

###

WHD/6641322.2